IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:09-CR-155-1H
NO. 7:12-CV-45-H

JANET JOHNSON-HUNTER,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

**ORDER**

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion for failure to state a claim upon which relief can be granted. Petitioner has responded. Additional memoranda have been filed at the direction of the court.

## BACKGROUND

On December 10, 2009, pursuant to a written memorandum of plea agreement, petitioner pled guilty to a criminal information charging her with conspiracy to make false statements relating to health care matters in violation of 18 U.S.C. § 371 based on her improper billing of ambulatory patients to Medicare and

Medicaid. In her plea agreement, petitioner waived her right to appeal and to challenge her sentence in a post-conviction proceeding, "excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [petitioner] at the time of [petitioner's] guilty plea." (DE #9, Memorandum of Plea Agreement, ¶ 2(c).)

On May 9, 2011, a sentencing hearing was held. The court adopted the Presentence Report and found that the guideline range was 46 to 57 months' imprisonment. At the hearing and in a sentencing memorandum, petitioner's counsel argued for a sentence consisting of a combination of community service, probation, or home confinement. Petitioner's counsel made these arguments despite petitioner's agreement in the plea agreement "to advocate for a sentence within the advisory Guideline range determined by the court." (DE #9 , ¶ 3(e).) The government made a decision to not enforce that particular provision of the plea agreement against the petitioner, but opposed defendant's request for a sentence below the advisory guideline range. The government, in its sentencing memorandum, disclosed petitioner's cooperation, and informed the court that it had determined that the cooperation did not amount to "substantial assistance." Therefore, the government did not move for a downward departure. Over the government's objection, the court granted a variance

and sentenced petitioner to a term of 28 months' imprisonment, 18 months below the bottom of the guideline range.

Petitioner did not appeal, and on February 29, 2012, she filed the instant motion to vacate, raising the following grounds for relief: (1) The United States failed in its obligations under the plea agreement by failing to fully disclose the extent of petitioner's cooperation; (2) The United States acted in bad faith in failing to move for a departure pursuant to U.S.S.G. § 5k1.1 or Rule 35; (3) Counsel was ineffective in failing to alert the sentencing court to the full extent of petitioner's cooperation or contend the government acted in bath faith in failing to file a 5k1.1 motion.

### COURT'S DISCUSSION

Petitioner' plea agreement contained a <u>Wiggins</u> waiver, waiving her right to appeal or to collaterally attack her sentence except for claims of ineffective assistance of counsel and prosecutorial misconduct which were not known at the time of her guilty plea.[1] <u>See</u> <u>United States v. Wiggins</u>, 905 F.2d 51 (4th Cir. 1990). Even assuming petitioner's claims do not fall within the scope of her <u>Wiggins</u> waiver, they nevertheless fail.

As to grounds one and two, petitioner has procedurally defaulted by not raising these issues on appeal. <u>Bousley v.</u>

---

[1] The waiver also reserved her right to appeal an upward departure from the advisory guideline range.

3

United States, 523 U.S. 614 (1998). Specifically, petitioner argues that the government breached the plea agreement by failing to fully disclose her cooperation to the court and by failing to move for a downward departure. These matters were part of the record in the district court, and petitioner could have raised these claims on direct appeal. Absent a showing of cause and prejudice or a fundamental miscarriage of justice, petitioner is foreclosed from raising on collateral review claims that could have been but were not raised on direct appeal. See United States v. Pregent, 190 F.3d 279, 284 n.5 (4th Cir. 1999); United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999).

Furthermore, petitioner has not shown bad faith on the part of the government in its disclosure of her cooperation or its discretionary decision not to file a motion for downward departure. Therefore, this claim fails on the merits.

Petitioner's remaining claim, for ineffective assistance of counsel, also fails on the merits. Under the dual standards of Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), a petitioner claiming ineffective assistance of counsel first must show that counsel's representation was so deficient that it fell below an "objective standard of reasonableness." Id. at 687-91. In this regard, there is a strong presumption that

4

counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689. Second, petitioner "must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The record in this case establishes the following: petitioner received a 28 month sentence when the calculated advisory guideline range was 46-57 months; notwithstanding the parties' agreement not to seek a sentence outside the guideline range, petitioner's counsel asked the court for a non-custodial sentence; and, petitioner's counsel repeatedly sought to have the government file a motion for downward departure on her behalf.

In light of these facts, petitioner is unable to show that the actions of her attorneys, Trawick H. Stubbs, Jr. and Kindelle M. McCullen, fell below an objective standard of reasonableness, or that she was prejudiced by counsel's actions. Id, 466 U.S. at 694.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss is GRANTED, and petitioner's motion to vacate is DISMISSED. All other pending motions are deemed moot. Finding no substantial issue for appeal concerning the denial of a

5

constitutional right, see 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED.

This 17TH day of January 2013.

                               /s/ Malcolm J. Howard
                               Malcolm J. Howard
                               Senior United States District Judge

At Greenville, NC
#26